When you're ready. Thank you very much, Your Honor. May it please the court. My name is Robert Lean. I represent Mr. Cruzagosto, the appellant. There are three general areas I'd like to discuss. First, the sufficiency of the 851 notice that was filed in this case. Second, whether there was and third, whether the court committed reversible error by not giving the defense theory of the case instruction, which was a multiple conspiracy instruction. I think the best place to start with the 851 notice is the statute itself. It requires that prior to trial, this case did go to trial, prior to trial, the trial and information with the court stating, in writing, the previous convictions to be relied upon. Now, we've argued that those words are pretty clear and it requires the listing of convictions. The problem, of course, was that the notice that was filed didn't list two prior convictions. It listed one. It noted a conviction that occurred in 1998. It also referred to some arrests. And it was in later proceedings that the court found that one of those other to James Berkeley, which was attached Sanchez. I can't quite read this. It looks like 98 commitment paper with his 90 crime sentence sheet for his 93 arrests. And attached to that is a sentence and commitment of Efren Sanchez. And attached to that is reception classification system. Now, the judge had that, didn't he, in his final determination? He did have that in his determination, Your Honor. Was there any objection made to these documents and the judge's use of these documents? In other words, I understand your argument that the notice given by the government was lacking because it just said arrests. But these were later supplemented. Does that satisfy 851? Well, I think there's two questions here. One is the sufficiency of the notice. And then if the notice is sufficient, was it proved sufficient? Because one thing that the government has not done to this court, and perhaps it was a failing of the appellant, was to point out there are other sections of 851 that seems to have gone unheeded here. You have to find beyond a reasonable doubt, statute specifically requires, if there's a denial of the convictions, and the appellant denied both convictions and the court treated it as a denial of the convictions and then went to a hearing. And the statute requires that that be proven beyond a reasonable doubt, which raises other questions as to fact-finding that the court is going to do in the sentencing context. But if I could just get back to the original point I wanted to make, then I'll move to that one. And that is that when you're looking at the notice here, I think that there are some indications in the statute itself that you must actually allege convictions, not just incidents and dates or arrests. Here's the problem I have with your argument, and I want to make sure you understand it so you have a chance to respond to it. I'm looking at the statute. The statute says, stating in writing the previous convictions to be relied upon. That's the statutory language that's key to your point. Yes, sir. Here's the notice from the government. The government says, comes now the United States of America, da-da-da-da. Hereby informs the court and the defendant of the defendant's previous convictions to be relied upon for sentencing the defendant to increased punishment. Number one, people were saved in New York. Number two, date, arrests, period, court, number, and so on. Now, the introductory language, and it's number two to which you're objecting, the introductory language makes it very clear that the government is informing you of a conviction. Now, they list it by giving you the date of the address and the case number. But the introductory material, which is part of the information, specifically says this is a conviction. I understand the court's argument. Could I direct the court to the second sentence in 851A1? No one has pointed that out because it says, upon a showing by the United States attorney that the facts regarding the prior convictions could not with due diligence be obtained prior to trial or before entry of the guilty plea, the court may postpone the trial for the purpose of obtaining the necessary facts. So I think that Congress recognized that there would be situations just like this where, and if you look in the record, the prosecutor says, we filed the 851 notice 30 days early because we had lots of defendants and certain procedural things in our office, and we really didn't have all of the facts at that time. Well, that then kicks in the second sentence. Fine. You take the time you need, as long as you're using due diligence. You can even ask the court to continue the trial. Why would any of that be necessary if you didn't have to identify the conviction in the notice before the trial started? So that would be my response to that. And what evidence do you have, and this is something that is probably on the record and I just don't know yet. Yes, sir. What evidence do you have that the reason why number two is listed in this way is that the prosecutor is not yet sure that this is a conviction? Because the prosecutor said that, Your Honor. He said that at, if I can find my, I'll get back to that in rebuttal. But he did say that in the record, that he didn't have all of the facts at that time, and those were the only facts he had at the time that he filed the information. So then we get to the point of, and I'm now again looking at that sentence in the statute to which you've directed our attention, a point showing by the U.S. Attorney that facts regarding the prior conviction could not with due diligence be obtained prior to trial. Facts here is not defined, so I guess you're asking us to say, well, facts mean things like date of judgment of conviction. Well, no. Actually, there's another part of the statute which is very helpful there, and that's under 851C1. Because it says, the failure of the United States Attorney to include in the information the complete criminal record of the person or any facts, in addition to the convictions to be relied upon, is basically harmless. Is harmless? Well, it says, shall not constitute grounds for invalidating the notice given. And so they recognize that there can be some amendments after the fact to complete the record, but the convictions themselves have to be in the notice. The prosecutor never amended the notice or never sought to amend the notice. The notice in this case will not support a life sentence. Well, let me ask you a question. Let's go where you are there. What is the significance, then, of that facts transmittal with the sentence and commitment out of New York and what's called here the reception classification system where it shows the sentencing information for Sanchez on his arrest? You're talking about the one where there actually is the judgment and sentence? Yeah. With the one with the judgment and sentence, I really think I have a very weak argument. Because traditionally, when courts try to determine prior convictions or the prosecutors try to prove prior convictions, they introduce a certified copy of the judgment and sentence. There's usually some way to connect the defendant to that, either by fingerprints or someone who was a party to the proceeding. In this instance, the defendants – this has to be proven beyond a reasonable doubt. Was it an objection? Was this stuff admitted? It was used by the judge? This was filed by the prosecutor and the defense objected to it in the proceeding, saying this is not sufficient. This is not what can be – is required. You need certified copies of prior convictions. There is one – well, there's one prior conviction here where there's a judgment and sentence. The other is a document. It's at ER 740. It's called a Certificate of Disposition of Indictment, whatever that might be. And it's really sort of a – you couldn't look at it without – it's not self-evident. It's a document – it's a secondary document. And this sort of runs afoul of Shepard now because in the Taylor and Shepard line of cases, the court – now, I realize those are 924E when they're talking about the court trying to determine whether something is a generic burglary or a non-generic burglary, but we're in the realm now of prior convictions. And even the court in Shepard said, and Justice Thomas and his concurrence, we really have to be careful here of the types of things that judges are allowed to rely upon because once you get – you expand it too far, you have impermissible judicial fact-finding. But here's my problem with this, and this is a hard case actually for me. The Taylor line of cases really talks to proof. Yes, sir. This statute requires advance notice, and I'm not sure that it talks to proof. One way of reading the statute is that 851 requires the prosecutor to give to the dependent before trial notice of the convictions on which the prosecutor intends to rely. I'm not sure that we need, under this statute and for the purposes of giving notice, proof. It may be enough simply that you have noticed that they're going to rely on it so you can plan your trial strategy. So I'm not sure the Taylor line of cases is directly relevant. But then that makes meaningless the second sentence of A1. Why then are the prosecutors and the courts told if the prosecutor needs more time to get the facts of the conviction, he can move to continue the case on that basis? But it may be – and this is why this is hard, and even though this is quite a detailed statute, I see a bit of a soft spot in it, or at least an ambiguity. Facts sufficient for what? Facts sufficient to give the defendant notice or facts sufficient to give an absolutely conclusive proof? Well, you can't really be sure, Your Honor, except that I can point out that it says if there is a denial by the defendant, any fact that the court resolves has to be resolved by proof beyond a reasonable doubt. We're not in the realm of preponderance of the evidence. We're proof beyond a reasonable doubt for the finding of that prior conviction. Are we wandering off into a Booker or a possible Ammaline problem here? Well, I – I'm with Judge Fletcher. The question is can you get over the first hurdle? Have you given the notice by these documents were filed? You said you objected to the documents as not being certified. I don't know where we go from there. But assuming you get past that, then you've got your notice. Then the question is what did the judge do with this stuff? And he starts making findings. Exactly. And just to make sure I'm following up with Judge Brunetti, as I read the statute, the notice under 851 has to be provided before trial. Yes, sir. It's not enough to take care of 851, but lots more information comes in after trial. Whatever notice is required is required to be given you beforehand. Exactly. And if the court will look, all of those documents, the one where is the judgment and sentence and the other, the certificate of disposition of indictment, those were all filed with the court after the trial. Those were not filed before the trial. That does not help the prosecution with respect to its obligations under 851. No. What you see in ER 9 and 10, that's what – they're limited to the four corners of that. That's our position. In other words, the fact that one and two indicate an indictment number which matches the later provided documents for whatever they're worth with their numbers leads you to say that if that wasn't enough for you, you couldn't go find those indictments, and that doesn't satisfy 851. In other words, it appears that there's some case there according to these documents that exists. You're just saying that's not enough for you. I'm saying that the plain wording of the statute requires a direct argument. I understand that. But the deficiency – if he would have – if the government would have said in one, conviction, people of the State of New York, conviction, Bronx Supplemental Court, then you would have been satisfied? Well, this case law – this court would have been satisfied. Or would you have been satisfied with the word conviction on those two? I think that that would have met the test of requiring a higher conviction. And because he said convicted above and he got the right numbers, that's still not enough? No, Your Honor, because what they're doing is – these are the items that they're identifying. In fact, they've listed three. Three has no magic number. They're listing everything they have. I understand your argument. Yes, sir. As it relates to drug quantity. Well, maybe I should – let me ask you – there are three of them here. The third turned out to be a misdemeanor offense. So they're wrong. They were wrong. So the one they say is that they're one of those that they call a conviction. They're wrong. On number three. And they well could have been wrong as to number two. They could have been wrong. They didn't know at the time when they filed it whether they were right or wrong. They only found out after the conviction. Is there anything in the record by which we can determine – I'm not asking for information outside the record. Yes, sir. Is there anything in the record from which we can determine whether or not the defendant knew before trial that number two referred to a conviction? The prosecutor told them it referred to a conviction. Orally. Well, the notice tells it to. Yes. But no, there's nothing in the record in that regard. Okay. Your Honor. The prosecutor tells them that number three is a conviction, too. That's wrong. Yes, sir. The other point we were raising about – Well, let's stop there. Yes, sir. We're getting – because I have one more question. Suppose that all three said conviction on them, and you went forward and found out that none of them were convictions, but there were two more below that were good. So you're saying that all of them have to be valid or the whole notice goes out. No, no. I'm not saying that. But I'm saying that the notice – there's two tests.  And so I'm saying it's not a sufficient – in its form, the four corners are not sufficient. It would be like a search warrant that neglected to say it's directed to a peace officer or someone to assist him to serve. It had everything else in it. But it was important that it directed to a law enforcement officer. There are magic words. These magic words are missing in this notice. As it relates to judicial fact-finding, we had – the defendant was only convicted of a conspiracy offense. The defense had asked when it made its request for jury instructions and had written a memorandum requesting that in the to-convict instruction, there be a finding of drug quantity because if a defendant is convicted of a conspiracy offense, this circuit's law and the law throughout the country is that that doesn't mean that the defendant is guilty, is susceptible to the drug quantity of the conspiracy. That's just the offense of conviction. His responsibility for purposes of sentencing relate to someone making a finding of fact. Now, government has argued that all of the circuits say that the judge can make that finding of fact. But in this – I would just say this to that point. We're talking about a mandatory life sentence. When the judge makes this finding of fact, we're not talking about an advisory guideline scheme that he's then implementing. We're talking about – we're taking the case out of the guidelines. We're taking the case to a mandatory one sentence. So it's – so the remedial response to Booker to say it's all right for judicial fact finding on drug quantities because the judge can then do what he wants with that finding, that doesn't apply in this instance. And I think that that is a significant distinction that I would point out to the court. Also, there's a question of whether – is there a factual question here which might fall in the Booker that the judge could reasonably foresee – excuse me, that the defendant could reasonably foresee that that amount would be in the valid transactions for which he was guilty? In other words, is there another fact finding that's required by our circuit law? In other words, the judge has also got to find, doesn't he, when he includes those drugs, that the defendant had a reasonable foreseeability that those drugs would be part of the transactions? Absolutely. Now, is that a Booker ammoing type thing? Well, I think that our position would be that this violates Blakely for the judge to make this finding, and it's not saved, and it violates Booker, but it's not saved because there is no advisory aspect to the finding. So in that instance, the jury has to make the finding under the Sixth Amendment. The final argument, Your Honor, is that the court did not give a multiple conspiracy instruction. It's sort of a long story, but the main object of this conspiracy that the defendant was charged with, and he was the only defendant to go to trial, was a 20-kilogram drug deal involving Mr. Contreras, Mr. Bissono, Mr. Climaco, and others. The defense was the defendant was not involved with that, that he had been engaged in drug deals with different people, but he was not part of the conspiracy charge in the indictment. The jury, I would submit, agreed with that because it was undisputed that there was 20 kilograms of cocaine that were at the apartment that the government linked the defendant to, and co-conspirators said, oh, yes, he was involved in this. I think that argument is well briefed. You've just run up to your time. Let's hear from the other side, and then we'll give you a chance to respond. Thank you, Your Honor. My name is William Brown. I'm with the Criminal Division in Washington, D.C., representing the United States in this appeal. I think I know the answer to this question. Were you the attorney at trial? No. Starting with the first issue that the defendant raises about the notice, our position as the district judge held, and as various members of the court have pointed out, the notice does say that these are notices of convictions. Now, this is not quite this case. What if the U.S. attorney rounds up a list of arrests, and the U.S. attorney thinks, but is not absolutely sure, that any of them actually resulted in a conviction, sends a notice under 851 that says, we're going to rely on the following convictions for purposes of sentencing, and lists 1, 2, 3, 4, 5 arrests, and one of them turns out to be a conviction and the other four don't? Is that what 851 contemplates? Whether it could be abused in an excessive case, I'm not going to stand here and say that 851 couldn't be abused. How about in this case, at least as I now understand the case, in this case where the U.S. attorney doesn't really know that numbers 2 and 3 are convictions, he just says they are. One of them turns out to be, and one of them turns out not to be. I think it's not correct to say he doesn't really know whether they're convictions. I believe he listed them as... Well, he calls them convictions, and they list them as arrests. He calls them convictions. I think we can infer from that that he believed them to be convictions. Well, I said, but he doesn't really know. It turns out he's wrong as to 1. It turns out he's wrong. 1 was charged as a... the number 3 was initially charged as a felony, but was plea bargained or something. Anyway, it wound up being... But the short answer is he's wrong. And if he'd done his homework on number 3, he would know he was wrong. Well, I don't know whether he said it was a felony conviction or not, but you're right, basically. So you're saying that the U.S. attorney, in good faith, can kind of go pretty far along down the road, and he can send a notice that says this is a conviction when he's not absolutely sure at this point that it is. And that's sufficient under 851. I think that's your position. That's my position. And if it turns out he's right, then it's okay. But if it turns out he's wrong, oh, too bad. I think having raised this, it's an information. It's like an indictment. It's a notice, but it's also classified as a charge. Well, what do I do with the part of the statute that talks about facts? That suggests that he's supposed to know. I think that what that refers to is if the prosecutor has information that the defendant has been previously convicted in Michigan, but has no idea what case number, what date, just knows that he just got out of prison in Michigan, so he figures then he doesn't know the facts of the conviction, and he can ask for a continuance. It sounds as though he doesn't know the facts of the conviction here. At least as to why he was dead wrong. So perhaps he could have, if he had chosen to. Chosen to what? If he had chosen to, he could have asked for a continuance to get more information about the Utica case. That was the one that went down to the misdemeanor. But he did not choose to do so. And he could have chosen to ask for more information about number two as well. But he learns later it really was a good conviction. He kind of thinks it is when he sends the notice. For all I know, for all we know from the record, he already knew it was a conviction. I would like to address one point that was raised. The court referred to the facts transmittal document. That follows up this discussion, because assuming we go where you are, Dan does the facts transmittal later, which puts into the record, for whatever it's worth, two documents which tie directly into the indictment numbers listed in the notice 851 on number one and two. Does that clean this all up after the fact, after the trial? Well, I think there's two issues. One, you have to have a notice. We did have the notice. I think if the court looks at the Severino case and the Hamilton case, it's clear that what the idea is, is that you can't come up after trial and say we're going to enhance your sentence. So you're saying notice is notice, it's not a technical thing. You get notice, yes. One and two have indictment numbers, even though one says an arrest, that's fine. That's right. One says conviction, and it identifies it by putting the arrest in the case number and other identifying information. Well, they're all preceded by these convictions. One says, and then there's one that has an arrest by it, which ended up to be a conviction in those facts documents. Well, they both list arrest as a way of identifying the conviction. In fact, in the orders that they also- I guess we're back and forth. What is the effect of the facts transmission with those two documents? And counsel says that they objected to them as not being certified. So what do we do about that? I'm not sure that's correct. In fact, I believe that to be not correct. So there was no objection to those documents. And then the next question is, did the district court use those? The district court required certified documents. And if I could say one thing, the facts transmittal that the court has referred to several times refers to conviction number one in the list. According to me, well, it could be I have two documents in the record. I don't know how they got there and what purpose. But the facts transmittal says there are three pages, including this transmittal that attaches Sanchez's 98 commitment and his 90 crime sentence sheet for his 93 arrest. And attached to that is the number 32-53 indictment. And the other one is a 6514-93. That's correct. That's not, I don't believe, what the court relied on. At ER 735 is a document entitled Certificate of Conviction, which refers to the first number one. And at ER 740, and these are again not the documents that were attached to the facts, is a document called Certificate of Disposition of Indictment. And it's a certification from the court clerk where he set his hand and affixed his official seal, where he states that an examination of the record shows the conviction. When did the judge get these? These were filed after conviction, prior to sentencing. And what is the significance to the facts of those documents, if anything? That was just additional. I believe the facts came in earlier, before he was able to obtain these certified copies, so it was just additional. So we do not, I did not intend to rely on the facts documents when saying that the convictions were approved here today. And I would just like to point out that it's clear from this court's precedent that you don't have to have the judgments of conviction in hand and presented to the defendant prior to the trial or in accompanying the 851 notice. The Henderson case and the Severino case both involved incidents where there was a mistake. There was no mistake in our notice, in this case. In those cases, in Henderson they missed the conviction date by five years. In Severino they had the wrong state of conviction. Obviously those were not the original documents. It was a notice that referred to them. The court in both cases said that because the defendant could tell from the notice what case they were referring to, that that was good enough. And that's our position on that point unless there's further questions on that one. Moving on to the, I would like to just briefly address the multiple conspiracy issue. The defendant describes the conspiracy here as being the 20-kilogram conspiracy. If you look at the indictment and if you look at the trial, you'll see that that is one incident at the end of the conspiracy. But the conspiracy is an ongoing conspiracy between Cruz Agosto, Fasono, and Contreras to distribute crack and powder cocaine over a period of time. And this is one of the least likely cases for a multiple conspiracy case instruction in that both Contreras and Fasono testified to their ongoing arraignment. Well, the defendant was tried alone, wasn't he? So there's no problem of slop over between conspiracies. That's exactly, that's a note. If there had been, yes, that's correct, he was tried alone. But also the facts were that they were all together. They all used the same stash house. The key would be if they were all tried together and they were trying to prove a conspiracy and conspiracy there, she was arguing that I get the, I'm disadvantaged because this conspiracy over here that I'm not a part of slopped over. But she was tried alone. He was tried alone, yes, yes, sir. And as I understand it, the presentation was of a conspiracy for all the drugs involving her. That's correct. Last, I'd like to move to the adequacy of the court's finding as to drug quantity. Are we in a Booker situation here, Amaline situation, harmless there? Where are we with this? This is one of the rare cases where Booker and Amaline do not apply at all. Because there is no, the guidelines, as the district court put it, were trumped by the statute. If the statute requires a mandatory minimum for this drug quantity with two prior felony drug convictions, whatever the guidelines might say, the statute Congress has required for a large quantity drug offender with two prior felony drug convictions is a mandatory minimum. Well, we have two cases before Apprendi and Booker, United States v. Becerra and United States v. Banuelos. And there we, in the Ninth Circuit anyway, the government had to show that a particular defendant had some connection with the larger amount in which the sentencing is based or he could reasonably foresee that such an amount would be involved in the transactions of which he was guilty. Now, was that sort of a finding made here, or should it have been, and is that a Booker issue? It's not a Booker issue. Does the court refer to Becerra? Becerra, B-E-C-E-R. That, the rule in, I think, I just sent in a 28-J letter featuring the Tenth Circuit's recent decision in Steiger, which I think is our position. But it points out that the rule, the clear rule in about six circuits, I don't think this circuit has a clear rule, but in about six other circuits, is that to determine the maximum, you do a jury trial and you ask the jury how much was involved in the conspiracy as a whole. And the jury gives you a drug quantity and a drug type. And that puts you in 21 U.S.C. 841 B1A or B1B or B1C. But that just sets the maximum sentence. Maybe I'm wrong. I will investigate this further. But I seem to think that our circuit, forget the rest of the circuits, if we have to follow circuit law and if Becerra and Banuelos apply, then there's an additional fact-finding necessary, and that's a question as to whether we now have a Booker issue. I was trying to get there. Becerra, having found that maximum, the question becomes, where is the defendant sentenced beneath that maximum? This court very clearly held in Becerra that where the defendant is sentenced depends on the amount foreseeable to him attributable, the same calculus that applies to, that would apply under the guidelines, although it's not a guideline determination. Becerra was a finding by the court, but that was pre-all the change of the law. The question is, after apprending. The jury here did not find the Becerra factor. And if Becerra factor still survives, we know what the quantity was. The jury found it, but we don't know the second factor. Either that or I have to reread all this and restructure. Because if Becerra is still alive, then the total drugs are fine. The jury found that. But the foreseeability issue. The foreseeability issue determines within. Once you, the maximum is established by the jury's decision about what was involved in the conspiracy. After that, you need a judge finding as to the foreseeability, the attributability to each defendant. Okay, and you're saying that that's not a Booker issue. It's not in this case because it has nothing to do, the guidelines are not an issue here. The statute, it's a mandatory. It's a mandatory statute. It's a mandatory statute. It remains mandatory after Booker. But doesn't Becerra, and I may be misunderstanding Becerra, but doesn't Becerra say in order for the mandatory sentence to apply, you need the Becerra finding of foreseeability? That's correct, and we had that here. And the judge made that finding rather than the jury. And the judge made that finding in Becerra, and the judge made that finding here. And therefore, you don't have a jury finding of a fact necessary to impose the mandatory sentence. Isn't that right? Oh, you don't have a fact necessary to impose the mandatory sentence. That's correct. But what you also don't have. So you have a judge finding for a fact necessary to support the mandatory sentence. That sounds like a Booker error to me. What am I missing? You're missing the fact that Booker applies to facts that raise the statutory or raise the maximum sentence imposable. When you go up in Booker, up in the guideline range. You're talking about an enhancement of your sentence. Are you saying it's an enhancement where this one is a mandatory sentence under the guidelines, therefore we're not enhancing, therefore Booker doesn't apply? I'm saying the guidelines do not apply in this case at all. The question is whether the mandatory sentence applies. I think I've got that part. Are we so far in agreement? We are. And in order for the mandatory to apply, we must find that the jury must find the quantity. Correct? So far so good? That's our position. And in addition, under Becerra, there must be a finding of foreseeability by the defendant. Correct? That is to say, under Becerra, you cannot impose the mandatory minimum sentence without that additional finding. Is that correct? That's true. The only question is who makes that finding. That's right. And the judge here made it. The jury did not find it. That's correct. And you're arguing to us that even under the current state of the law, there is no requirement that a jury make that finding. That is an essential factual finding to the imposition of the mandatory minimum sentence? That's correct. That strikes me as preposterous. But we rely on McMillan, Harris. Those are other circuit cases, right? No, McMillan and Harris are Supreme Court cases that say that to impose a mandatory, once you have the maximum sentence under B1A of life imprisonment, if you can impose a 10-year, whatever findings you need to make to make a 10-year minimum or a 20-year minimum or a life minimum, since they do not increase the maximum sentence, apprending does not apply. That's what Harris says. That's apprending. But there's a lot of water over the dam after apprending. Exactly. Harris. No, Booker. See, I'm losing it. It seems to me that if you have a sentencing factor that goes into determining the sentence, and it may be the fact that you don't want to accept what we've got tonight's circuit on Becerra, but Becerra says if it's a factor about the quantity of drugs, it's not only well enough to find the quantity of drugs in this conspiracy, you have to show this forcibility factor. And I agree, other circuits don't have that. Now, unless Booker trumped that. Booker says you cannot let the judge make factual findings which influence the amount of the sentence. Either that or I'm wrong. With all due respect, but I think you are wrong. Two points. One, other circuits do require foreseeability, just like this circuit, First Circuit. I was just reading the case this morning. They have the rule, just like this circuit, that the foreseeability finding determines where within B1A the defendant is sentenced. And that finding is made by the court in the First Circuit. Just because the – and where I think the court is skipping ahead and saying, I don't think Booker holds that where anything affects a sentence, it has to be determined by the jury. What I think Booker holds is that something that – it applies apprendee to the sentencing guidelines in the sense that if you make a determination that raises the sentencing, the maximum of the sentencing range, that it can't be done without a jury finding. Here, six circuits have held that if you raise the – you've already got a maximum of life, it can't be raised. Booker does not apply. Okay. I would like to say one thing that would take about a minute and a half. We'll give you 30 seconds. Thank you very much. The defendant has argued that he preserved his objection at trial. He did not. His objection was on – he never asked for the court to make a – for the jury to make a foreseeability finding. We did not have a chance to address it in our brief. You didn't have a chance to address it in your brief? We argued that it was a plain error standard. In his reply brief, he says he raised it. I would like to just direct the court to the pages of the record that show that he did not. And I won't even – I won't say what they said. Just give me the pages. But I will say. Excerpts of record 636, 712, 713, 565, 566, 764 to 767, 824, 790. And there's a post-trial pleading. Its docket number is 247, which did not make it into the excerpt of record. But all those stand for the proposition that he was not asking for – he was not raising this foreseeability thing as a jury finding. In fact, he was asking for the judge to make this determination. Thank you. Okay. Now, let me detain you one more second. And this is, I think, totally irrelevant to this appeal. And it may – and it's my – and familiarity with practice here. Is it customary on appeals from conviction that the U.S. attorney here does not argue but somebody from Washington comes out to do them? It is neither customary nor uncustomary. We – my office handles appeals when the U.S. attorney's office in Anchorage and other places gives us cases if they, for whatever reason, too busy. I see. So sometimes it happens, sometimes not. That's correct. Okay. Thanks very much. Might I have 30 seconds to respond? Take a minute or two. We don't want to cut you off. Your Honor, I had indicated that I would point out where in the record the prosecutor said that he didn't have enough time. And that's at ER 831 and 832. Now, I don't have that in front of me at the moment. I can look it up. Could you read me briefly what he says? Yes. I want to point out, Your Honor, that the notice itself with regard to the 1993 arrest, it gave an inmate number. I forgot to mention the significance of that in the brief that I filed. But you do not become an inmate simply by becoming arrested. That was all the information that was available to the government at the time that the notice was to be filed. And I would like to ask the court to consider the fact that given the magnitude of the related cases that were related to this one, the government filed this notice more than 30 days before trial. But it was approaching a 30-day deadline for the filing of many notices. So that's the only insight that we have there. And what's the reference in the record to that, please? 831, Your Honor, and 832. Of what? That's a transcript of... Do you have the ER number? That's the ER number. Okay, thank you. That is the ER number. I would just ask the court to look at ER 10C, which was a memorandum that was attached to the defendant's request for jury instructions. In that memorandum, we clearly said, when drug quantity is an essential element of the offense on the basis of which the government will seek an enhanced penalty, the district court should expressly identify drug quantity as an essential element in its instructions to the jury. And we also pointed out it could be done by a special interrogatory. Then on ER 636, the court, after the close of evidence, submits a packet of instructions. And the court then asks me, Mr. Lean, I say, Your Honor, our position, of course, was that drug quantity should be an element. The court, yes, sir, Mr. Lean. But having lost that battle, I think it's a perfectly acceptable verdict form. The judge was going through the different documents and the forms of the verdicts. So I think that we did identify the argument, make our point that we felt that drug quantity had to be decided by the jury, and the court just ruled otherwise. Is this a Booker question? It is a Booker question in the sense that the government seems to go back to the argument that they argued in Blakely that the statutory maximum is the maximum sentence a court can impose. There's a box here. Either it's a level 36 that could be imposed that the government was saying or a level 30 based on the defendant's calculation. But because of the fact that the judge found, he left the guidelines and went to mandatory. Thank you, sir. Thank you both for a useful argument. The United States v. Cruz Agosto is now submitted for decision.
judges: Goodwin, Brunetti, W. Fletcher